# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

SAUL MIRANDA RAMIREZ,

    Plaintiff,

    v.

DANIAL SAMUEL, et al.,

    Defendants.

No. 2:23-cv-07576-SPG-BFM

**INTERIM REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This Interim Report and Recommendation is submitted to the Honorable Judge Sherilyn Peace Garnett, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## SUMMARY OF RECOMMENDATION

This Interim Report and Recommendation concerns a civil rights case filed by pro se Plaintiff Saul Miranda Ramirez, who is incarcerated. The Fourth Amended Complaint alleges that prison staff at California Men's Colony state prison violated Title II of the Americans with Disability Act and § 504 of the

Rehabilitation Act, as well as related consent decrees, by retaliating against Plaintiff for filing grievances and by conspiring to have other prisoners attack him. Plaintiff further alleges that the California Department of Corrections and Rehabilitation denied him access to medical and mental health treatment by repeatedly transferring him to different facilities. Finally, Plaintiff alleges that Howard E. Moseley, an associate director at CDCR's grievance appeal office, covered up the prison officials' misconduct by denying Plaintiff's grievances.

The Fourth Amended Complaint only discusses the claims previously dismissed with leave to amend, and thus the Court, first, recommends treating the Fourth Amended Complaint as a supplement to the Third Amended Complaint. So construed, the Court recommends granting Defendants' Motion to dismiss the Fourth Amended Complaint. The Fourth Amended Complaint fails to plausibly allege that any Defendant violated Plaintiff's rights under the federal anti-discrimination statutes, because none of the facts alleged give rise to an inference that anyone acted *because of* Plaintiff's disability. Nor has Plaintiff shown that he can bring an independent cause of action premised on the class action cases cited. Nor does Plaintiff plausibly allege a cover-up claim against Defendant Moseley, since his conduct has not prevented Plaintiff from raising his claims here.

Further leave to amend those claims should be denied, because the Fourth Amended Complaint made no progress toward remedying the deficiencies identified in the Court's previous Interim Report and Recommendation. The Court thus recommends dismissing the Fourth Amended Complaint without leave to amend and proceeding solely on the claims in the Third Amended Complaint that were not dismissed by the District Judge's prior orders.

# BACKGROUND

## A.    Relevant Procedural History

Plaintiff filed his initial Complaint in September 2023. (ECF 1.) Upon screening the Complaint, the Court recommended dismissal of those claims premised on acts that occurred at prisons outside of the Central District, and dismissal of the remaining claims without prejudice. (ECF 11 at 1-2.)

Plaintiff subsequently filed a First Amended Complaint (ECF 16), and the Court withdrew its recommendation concerning disposition of the Complaint (ECF 17). The First Amended Complaint addressed some of the issues identified in the Court's screening order, but Plaintiff still named each Defendant in their individual and official capacities. (ECF 17 at 2.) The Court gave Plaintiff the option to proceed against Defendants in their individual capacity only or to stand on his claims on both individual and official capacities. (ECF 17 at 4.) Plaintiff elected to proceed against Defendants in their individual capacity only (ECF 18 at 1), and the Court ordered service on the Defendants (ECF 19).

Defendants moved to dismiss. (ECF 36.) Plaintiff opposed that Motion and at the same time, moved for leave to file an amended complaint. (ECF 44, 45.) The Court granted Plaintiff's request. (ECF 46). Plaintiff filed a Second Amended Complaint, mooting Defendant's Motion. (ECF 47, 48.)

Defendants next moved to dismiss the Second Amended Complaint. (ECF 49.) The District Judge, on this Court's recommendation, dismissed some of Plaintiff's claims and granted Plaintiff leave to amend. (ECF 59.)

Plaintiff filed a Third Amended Complaint in April 2024 realleging claims raised in the Second Amended Complaint and adding disability-related claims and two new Defendants, Howard E. Moseley and the California Department of Corrections. (ECF 62.) Defendants moved to dismiss. (ECF 73.)

3

The District Judge, again on this Court's recommendation, dismissed one of Plaintiff's claims without leave to amend and dismissed his disability-related claims with leave to amend. (ECF 90 at 2.)

On January 5, 2026, Plaintiff filed a Fourth Amended Complaint. (ECF 91 ("FAC").) Defendants moved to dismiss the Fourth Amended Complaint (ECF 92 ("Mot.")) which Plaintiff opposes (ECF 93 ("Opp'n")). Defendants filed a reply. (ECF 94.) The matter is fully briefed and ready for decision.

## B.    Factual Background

Plaintiff alleges that his access to medical and mental health treatment was impacted by the named correctional officers' alleged conspiracy to have him attacked by other prisoners. (*See* TAC at 10; FAC at 8-15.) He further alleges the alleged conspiracy interfered with his access to the courts because he was unable to file anything while housed at California Men's Colony. (FAC at 18.) Plaintiff further alleges that CDCR denied him access to medical and mental health treatment by transferring him multiple times. (FAC at 18-19.) Finally, he alleges that Defendant Moseley covered up the CO Defendants' misconduct by denying all his grievances. (FAC at 16-17.)

## LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A defendant is entitled to dismissal of an action under Federal Rule of Civil Procedure 12(b)(6) where the complaint "(1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013) (citing *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Conclusory allegations are insufficient. *Id.*

When assessing the legal sufficiency of a plaintiff's claims, a court must accept as true all non-conclusory allegations contained in the complaint and must construe the complaint in light most favorable to the plaintiff. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009). A court must construe a pro se litigant's pleading liberally and hold a pleading written by a pro se plaintiff to a less stringent standard than pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

In general, courts may not consider material beyond the complaint in deciding a Rule 12(b)(6) motion. *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007). A court may, however, consider exhibits attached to the complaint and matters properly subject to judicial notice. *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted); *Schneider v. Cal. Dep't of Corrs.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1988) ("In determining the propriety of a Rule 12(b)(6) dismissal, a court may *not* look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.") (citations omitted).

## ANALYSIS

As an initial matter, Plaintiff's Fourth Amended Complaint only addresses the disability-related claims found deficient in the most recent order and does not include the claims the Court previously found to have survived

the previous Motion to Dismiss. (*See generally* FAC.) Plaintiff explains that the Fourth Amended Complaint is an attempt "to remedy deficiencies with his disability related claims only." (*See* FAC at 6-8.) An amended pleading generally supersedes a prior pleading "unless the amended complaint incorporates by reference portions of the prior pleadings." *Williams v. Cnty. of Alameda*, 26 F. Supp. 3d 925, 936 (N.D. Cal. 2014). Here, accounting for Plaintiff's pro se status, it seems clear that the Fourth Amended Complaint was not intended to replace the Third Amended Complaint, but only to attempt to fix the claims dismissed from the Third Amended Complaint. The Court therefore construes the Fourth Amended Complaint as supplementing, and not supplanting, the Third Amended Complaint.

## A.    Disability-Related Claims

Plaintiff alleges Defendants violated his rights under Title II of the ADA, under § 504 of the Rehabilitation Act, and under remedial plans established by *Coleman v. Newsom*, 131 F.4th 948 (9th Cir. 2025), *Armstrong v. Newsom*, 58 F.4th 1283 (9th Cir. 2023), and *Brown v. Plata*, 563 U.S. 493 (2011).

Both Title II of the ADA and § 504 of the Rehabilitation Act prohibit discrimination based on disability. *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). State prisons are considered public entities under both statutes and thus may be liable for claims alleged under the statutes. *Armstrong v. Wilson*, 124 F.3d 1019, 1022-23 (9th Cir. 1997). To state a claim for violation of Title II of the ADA, a plaintiff must show: "(1) [he] is a qualified individual with a disability; (2) [he] was excluded from participation in or otherwise discriminated against with regard to a public entity's services, programs, or activities, and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell*, 303 F.3d at 1052 (internal citation omitted). Similarly, to establish a violation of § 504 of the Rehabilitation Act, a plaintiff must show:

"(1) [he] is handicapped within the meaning of the RA; (2) [he] is otherwise qualified for the benefit or services sought; (3) [he] was denied the benefit or services solely by reason of [his] handicap; and (4) the program providing the benefit or services receives federal financial assistance." *Id.* (internal citation omitted). Courts "analyze [a plaintiff's] ADA and Rehabilitation Act claims together because the statutes provide identical 'remedies, procedures and rights,'" *Vos v. City of Newport Beach*, 892 F.3d 1024, 1036 (9th Cir. 2018) (quoting *Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000)), and the "cases interpreting either are applicable and interchangeable," *Douglas v. Cal. Dep't of Youth Auth.*, 285 F.3d 1226, 1229 n.3 (9th Cir. 2002) (quoting *Allison v. Dep't of Corr.*, 94 F.3d 494, 497 (8th Cir. 1996)).

Here, the Fourth Amended Complaint does not plausibly allege that any Defendant acted *because of* Plaintiff's disability.[1] Plaintiff alleges that the named CO Defendants interfered with his medical and mental health treatments by conspiring to have him stabbed by another inmate and to have him transferred to another facility. (FAC at 8-13.) That Defendants' conduct may have had some effect on his ability to receive timely medical or mental health treatment, without more, does not give rise to an inference that Defendants were motivated by his disability. The Fourth Amended Complaint thus fails to plausibly allege a claim under the ADA or the RA, and the Court recommends dismissing those claims.

In his Opposition, Plaintiff emphasizes his class membership in *Armstrong* and *Plata*, suggesting that his status as a class member shows Defendants were motivated to act because of his disability. (Opp'n at 6-8.) The

---

[1] Plaintiff alleges that he was declared permanently disabled in March 2021 and that he is receiving mental health care treatment. (FAC at 6.) The Court assumes Plaintiff is disabled within the meaning of the ADA and the RA for purposes of this Interim Report and Recommendation.

Court disagrees. That Plaintiff may be a member of a class action settlement does not, without more, give rise to an inference that Defendants were motivated to act against him for any particular reason.

To the extent the pleading can be read as attempting to state a claim under the consent decrees in *Armstrong*, *Coleman*, and *Plata*, Plaintiff fares no better. Assuming Plaintiff is, as he claims, a member of those classes, an allegation that there has been a violation of any consent decree or other order issued in those cases does not mean that there was a violation of Plaintiff's constitutional rights, as would be required to state a claim under § 1983. *Cagle v. Sutherland*, 334 F.3d 980, 986-87 (9th Cir.2003) (consent decrees often go beyond constitutional minimum requirements, and "cannot create or expand rights"). Nor does an alleged violation of a consent decree give rise to an independent cause of action. *See Outhoummountry v. Funderburk*, No. 1:22-cv-00954-JLT-BAM (PC), 2022 WL 4586338, at *5 (E.D. Cal. Sept. 29, 2022) calling it "well-settled" that violations of the remedial orders in *Plata*, *Armstrong*, and *Coleman* "do not provide an independent basis for relief in this court"). If Plaintiff has concerns about whether CDCR is complying with the consent decrees, it may direct those questions to class counsel or to the court that issued the relevant orders; he cannot file suit here.

## B.    Defendant Moseley

Plaintiff alleges that Defendant Moseley is liable for the CO Defendants' conduct because he "denies all grievances" and thus covers up their alleged misconduct. (FAC at 3, 17.) The Court previously explained that a cover-up claim is "premature when raised alongside the misconduct that was allegedly covered up." (ECF 83 at 13 (citing *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 625 (9th Cir. 1988) (cover-up "allegations may state a federally cognizable claim provided that defendants' actions can be causally connected

to a failure to succeed in the present lawsuit.")).) Such is the case here: Plaintiff's claims against the COs themselves are proceeding in this case. As such, the Fourth Amended Complaint fails to state a claim against Defendant Moseley and he should be dismissed.

## C.    Leave to Amend

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). There is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). In line with that policy, the Ninth Circuit has made clear that courts should apply Rule 15(a) with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Even so, a court need not give leave to amend where further amendment would be futile. *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Moreover, where a plaintiff has previously amended his complaint, a court's discretion to deny further leave to amend is "particularly broad." *Sisseton-Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996).

Here, the Court previously dismissed Plaintiff's disability-related claims and his claim against Defendant Moseley. He has made no progress toward stating those claims in the Fourth Amended Complaint; the Fourth Amended Complaint contains no new factual allegations, and instead only emphasizes the conduct previously alleged. The Court therefore recommends that the Fourth Amended Complaint be dismissed without further leave to amend.

## RECOMMENDATION

IT THEREFORE IS RECOMMENDED that the District Judge issue an Order:

(1) accepting and adopting this Interim Report and Recommendation;

(2) granting in part Defendants' Motion to dismiss (ECF 92);

(3) dismissing without leave to amend Plaintiff's disability related claims;

(4) dismissing with prejudice Defendants Moseley and CDCR;

(5) ordering Defendants to answer the Third Amended Complaint (apart from the claims that were previously dismissed) within 21 days of any order adopting this Report and Recommendation.

DATED: March 6, 2026

_____
BRIANNA FULLER MIRCHEFF
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Reports and Recommendations are not appealable to the United States Court of Appeals for the Ninth Circuit, but may be subject to the right of any party to file objections as provided in the Local Civil Rules for the United States District Court for the Central District of California and review by the United States District Judge whose initials appear in the docket number. No notice of appeal pursuant to the Federal Rules of Appellate Procedure should be filed until the District Court enters judgment.