**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SAUL MIRANDA RAMIREZ,<br><br>             Plaintiff,<br><br>      v.<br><br>WARDEN DANIEL SAMUEL, et al.,<br><br>             Defendants. | Case No. 2:23-cv-07576-SPG-BFM<br><br>**ORDER ACCEPTING INTERIM REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Fourth Amended Complaint, (ECF No. 91 ("4AC")), the records on file, and the Interim Report and Recommendation of the United States Magistrate Judge, (ECF No. 95 ("Report")). Further, the Court has engaged in a *de novo* review of those portions of the Report to which Plaintiff Saul Miranda Ramirez ("Plaintiff") has made objections and Defendants' Warden Danial Samuel, Associate Warden B.D. Phillips, T. Macias, Correctional Officer R. Cabrera, Correctional Officer C. Mohammed, Correctional Officer C. Dennerlein, Correctional Officer M. Loomis, and Correctional Officer L. Castillo ("Defendants") response to the objections. *See* (ECF No. 97 ("Objections")); (ECF No. 98 ("Response")).

The Report recommends the dismissal of Plaintiff's Fourth Amended Complaint, in which he raises disability-related claims, including previously dismissed disability-related claims against Defendants California Department of Corrections and Rehabilitation ("CDCR") and the associate director of the grievance appeals office, without further leave to amend. (Report at 2). The Report also recommends that this action proceed solely on Plaintiff's claims in the Third Amended Complaint that were not previously dismissed. (*Id.*); *see* (ECF No. 62 ("Third Amended Complaint")); (ECF No. 90 ("Order Accepting Report and Recommendation of United States Magistrate Judge on Defendants' Motion to Dismiss Third Amended Complaint")). Plaintiff's objections to the Report, which reiterate the arguments made in opposition to Defendants' Motion to Dismiss, do not merit a different outcome. *See* (ECF No. 92 ("MTD")); (ECF No. 93 ("MTD Opp.")).

First, Plaintiff objects that he is a member of a class covered by consent decrees regarding California prison populations. (Obj. at 2); *see also* (MTD Opp. at 6–7, 9–10). As the Report found, however, an alleged violation of a consent decree does not state a constitutional claim and does not give rise to an independent cause of action. (Report at 8).

Second, Plaintiff objects that he has stated a claim under Title II of the Americans with Disabilities Act ("ADA") because he is disabled and was excluded from programs or transferred to different facilities. (Obj. at 2–5); *see also* (MTD Opp. at 5–6, 8). As the Report found, however, Plaintiff did not plausibly allege that such exclusion or discrimination was "because" of Plaintiff's disability. (Report at 7). "That Defendants' conduct may have had some effect on his ability to receive timely medical or mental health treatment, without more, does not give rise to an inference that Defendants were motivated by his disability." (*Id.*).

Third, Plaintiff objects that he has stated a claim based on prison staff misconduct and coverups. (Obj. at 6–7); *see also* (MTD Opp. at 8, 12–13). As the

Report found, however, a cover-up claim is "premature when raised alongside the misconduct that was allegedly covered up." (Report at 8 (citing *Karim-Panahi v. Los Angeles Police Dept.*, 839 F.2d 621, 625 (9th Cir. 1988)).  Plaintiff's claims against prison staff regarding his alleged mistreatment remain.  (*Id.* at 9).

Fourth, Plaintiff objects to the dismissal of Defendants Moseley and CDCR. (Obj. at 8); *see also* (MTD Opp. at 3–4).  As a previous Report found, Plaintiff did not plausibly allege that these Defendants took any action because of Plaintiff's disability.  (ECF No. 83 at 11–12).  And as the current Report found, Plaintiff "has made no progress" in these claims in the Fourth Amended Complaint, which "contains no new factual allegations, and instead only emphasizes the conduct previously alleged." (Report at 9); *see also* (4AC at 17–18.)  Thus, Plaintiff's claims against Defendants Moseley and CDCR are dismissed without further leave to amend.

It is ordered that:

(1)    the Interim Report and Recommendation is accepted and adopted;

(2)    Defendants' Motion to Dismiss, (ECF No. 92), is GRANTED in part;

(3)    Plaintiff's disability related claims are DISMISSED without leave to amend;

(4)    Defendants Moseley and CDCR are DISMISSED with prejudice;

(5)    The remaining Defendants must answer the remaining claims in the Third Amended Complaint within twenty-one (21) days from the date of this Order.

DATED:  April 22, 2026

_____
SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE